

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

EJK:NS　　　　　　　　　　　　　　　　　*271 Cadman Plaza East*
F.#2011R01332　　　　　　　　　　　　　*Brooklyn, New York  11201*

　　　　　　　　　　　　　　　　　　　July 24, 2012

**By ECF and By Hand**

The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

　　　　　Re:  United States v. Pedro Tavares
　　　　　　　Criminal Docket No. 11-610 (NGG)

Dear Judge Garaufis:

　　　　The government respectfully submits this letter in advance of the sentencing in the above-referenced case, scheduled for July 26, 2012.  For the reasons that follow, the government submits this letter in opposition to the defendant's sentencing memorandum filed on July 5, 2012 ("Defense Sentencing Memorandum"), which seeks a sentence below the applicable United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range, specifically a sentence of 24 months and one day.  Defense Sentencing Memorandum at 1.

　　　　The defendant stands convicted of two counts: one count of passport fraud, in violation of 18 U.S.C. § 1542 (Count One), and one count of aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1), 1028A)(b) and 1028A(c)(7) (Count Two).  His Guidelines range for Count One is one to seven months incarceration.  Presentence Investigation Report dated April 20, 2012 (hereinafter "PSR") ¶ 63.  The defendant's aggravated identity theft conviction, however, mandates a two-year sentence to run consecutively to his sentence for Count One.  As a result, the defendant's effective Guidelines range is 25 to 31 months.  The government respectfully requests that the Court impose a sentence at the high end of this range.

I.　　Background

　　　　On January 31, 2012, the defendant pleaded guilty to a two-count indictment.  Count One charges that on July 28, 2011, the defendant used a United States passport, the issuance of

which was secured by the use of a false name, false date of birth and false social security number, in violation of Title 18, United States Code, Section 1542.  Count Two charges that on July 28, 2011, in relation to Count One, the defendant used, without lawful authority, the identification of another person, namely Jose Antonio Velasquez, knowing that identity belonged to a real person, in violation of 18 U.S.C. §§ 1028A(a)(1), 1028A(b) and 1028A(c)(7).  PSR ¶ 1.  The defendant is subject to a maximum sentence of 10 years' incarceration on Count One and a two-year mandatory minimum sentence on Count Two, to be served consecutively to the term of imprisonment imposed on Count One.  Id. ¶ 62.

On July 28, 2011, the defendant arrived at John F. Kennedy International airport ("JFK") in Queens, New York aboard American Airlines flight #1752 from Santo Domingo, Dominican Republic.  PSR ¶ 2.  Upon his arrival, the defendant presented a United States passport in the name of "Jose Antonio Velazquez," with a date of birth of May 15, 1954 and a place of birth of Puerto Rico.  The defendant requested admission as a returning United States citizen.  Id.  He was referred to Customs and Border Protection ("CBP") passport control secondary as a match to a Treasury Enforcement Communication System ("TECS") lookout.  Id.

During his secondary examination, CBP officers, inter alia, asked the defendant about his trip to the Dominican Republic and for information about his family and his purported upbringing in Puerto Rico.  The defendant was unable to provide details regarding his family members and upbringing, and provided false information regarding his marital status and children.  Id. ¶¶ 5-6.

Towards the end of the secondary examination, the defendant was shown a photograph and admitted that the photograph depicted him.  Id. ¶ 5.  The defendant was then shown the complete document from which the photograph came, indicating that the photograph belonged to a citizen of the Dominican Republic named Pedro Tavares Rivera with a date of birth of October 15, 1955.  The defendant could not explain how this was possible.  The defendant was then shown U.S. passport applications belonging to Medali and Daurin Tavarez, children of Carmen Mejia (whom the defendant indicated was an ex-girlfriend), who both listed a "Pedro Tavarez", born in the Dominican Republic, with a date of birth in October 1955, as father.  Id. ¶ 6.  The defendant could not explain this.  The defendant was also shown a New York City Death Certificate for Jose Antonio Velazquez, indicating that he died on August 10, 1988.  The defendant could not explain why his

purported identity corresponded to that of a deceased individual. He maintained his identity as Jose Velazquez and told the CBP officers "do what you have to do." Id. ¶ 6.

Investigation revealed that the defendant had been using the assumed identity of Jose Antonio Velazquez for more than twenty-five years and obtained two prior U.S. passports using that identity. In addition, at the time of his arrest, the defendant possessed, inter alia, New York State driver's licenses, New York State Benefit Identification cards, and a Social Security card under the Velazquez identity. In 2009, the defendant also applied for Supplemental Security Income ("SSI") benefits using the Velazquez identity. From October 2009 to November 2011, the defendant fraudulently received $18,426 in SSI benefits from the Social Security Administration. Id. ¶¶ 36, 71.

II. Argument

A. Legal Standard

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 128 S. Ct. 586, 596 (2007) (citation omitted). Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [the Court] may not presume that the Guidelines range is reasonable. [The Court] must make an individualized assessment based on the facts presented." Id. at 596-97 (citation and footnote omitted).

B. The 3553(a) Factors Suggest That A Sentence at the High End of the Guidelines Is Appropriate

The factors outlined in 18 U.S.C. § 3553(a) demonstrate that a sentence at the high end of the Guidelines is appropriate in this case.

First, the nature of the offenses to which the defendant pleaded guilty, see 18 U.S.C. § 3553(a)(1), are serious. The defendant used a U.S. passport obtained by using false information that belonged to another individual to enter the United States. The defendant's criminal actions in this regard were not limited to one occasion. Instead, the defendant engaged in a sustained and protracted scheme, successfully using someone else's identity to live and work in the United States for

4

over 25 years.  The defendant first submitted a passport application using the Velasquez identity in 1984, and applied for and received renewal passports in 1996 and 2006.  In addition, at the time of his arrest, the defendant was in possession of a New York State driver's license in the name Jose Velasquez, as well as a social security card and New York State Benefit Identification Cards in that name.  Thus, while the real Jose Antonio Velasquez died in 1988, the defendant first used his identity to apply for a United States passport while Mr. Velasquez was still alive.[1]  Indeed, the defendant felt so secure in his continued use of the Velasquez identity that he applied for and fraudulently collected $18,426 in SSI benefits using that identity.

The defendant's attempt to minimize the seriousness of his conduct by asserting that "the actual Mr. Velasquez sold his identity to Mr. Tavarez," suggesting this qualifies as a "mitigating factor," Defense Memorandum at 2, is without merit.  First, the Court has nothing other than the word of a defendant who has spent over 25 years fraudulently living under a false identity to support this assertion.  The real Jose Velasquez is not here to confirm or refute this allegation.  More importantly, the fact remains that the defendant defrauded the United States government by obtaining and using three passports under a false identity, as well as obtaining social security benefits he was not entitled to, amounting to over $18,000.  Any examination of the defendant's "history and characteristics," 18 U.S.C. § 3553(a)(1), must take these factors, which were not considered when computing the defendant's Guidelines calculation, into account.

Given the presence of these aggravating factors, a downward departure is not warranted.  Instead, a sentence at the high end of the Guidelines would promote both general and specific deterrence and ensure a just punishment in this case, where the defendant assumed the identity of a real person for over 25 years.

---

[1] Moreover, there is no indication in the record that the defendant knew Mr. Velasquez died in 1988.

5

III. Conclusion

        For the reasons set forth herein, the defendant should be sentenced at the high end of the applicable advisory Guidelines range of 25 to 31 months' imprisonment.

                              Respectfully submitted,

                              LORETTA E. LYNCH
                              United States Attorney

                     By:      /s/
                              Nadia I. Shihata
                              Assistant U.S. Attorney
                              (718) 254-6295

cc: Len Kamdang, Esq. (By ECF)